IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL JAMES DAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-2601-BD |
| | § | |
| JIM HAMLIN | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jim Hamlin has filed a motion for summary judgment in this *pro se* prison civil rights action brought under 42 U.S.C. § 1983. For the reasons stated herein, the motion is granted.

I.

Plaintiff Earl James Davis is serving a life sentence in the TDCJ-ID on a 1992 conviction for unlawful delivery of cocaine. In or around April 2003, plaintiff requested unspecified records from the Dallas County District Clerk. The clerk advised plaintiff by letter that it would cost $2.00 to retrieve the records from an off-site storage facility and $1.00 per page to copy the records. (Def. MSJ App., Exh. 1 at 007). The letter further states that requests for records are destroyed after 60 days. (*Id.*). Plaintiff took no action in response to the letter until July 26, 2004, when he sent a $25.00 money order to the clerk and asked for certified copies "of the minutes and/or administrative file . . . pertaining to visiting Judge Gary Stephens' oath of Office and if it was duly administrated to him before October 1, 1992." (*Id.*, Exh. 1 at 009). When the clerk failed to promptly respond to this request, plaintiff filed suit in federal district court.[1]

---

[1] After this lawsuit was filed, the clerk provided plaintiff with two oaths of office taken by Judge Stephens and the order of assignment he requested in July 2004. (*See* Plf. MSJ App. at 028-32).

The gravamen of plaintiff's complaint is that Jim Hamlin, the district clerk of Dallas County, Texas, has violated his constitutional right of access to the courts by denying him the opportunity to purchase certified copies of information contained in his trial records.[2] Defendant now moves for summary judgment on the grounds that plaintiff cannot demonstrate "actual injury" and that any claim against the clerk in his individual capacity is barred by the doctrine of qualified immunity. The issues have been fully briefed by the parties and this matter is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 131 (5th Cir.), *cert. denied*, 113 S.Ct. 136 (1992). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matter of Gleasman*, 933 F.2d 1277, 1281 (5th Cir. 1991).

A summary judgment movant who does not have the burden of proof at trial must point to the absence of a genuine fact issue. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective

---

[2] Plaintiff also alleges violations of his right to free speech, the prohibition against cruel and unusual punishment, and his right to equal protection under the laws. (*See* Plf. MSJ Resp. Br. at 2). However, plaintiff fails to explain how the failure to respond to a request for court records implicates his right to free speech or constitutes cruel and unusual punishment. With respect to any equal protection claim, there is no allegation or proof that plaintiff "received treatment different from that received by similarly-situated individuals and that the unequal treatment stemmed from discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004); *see also Smith v. Hamlin*, 1999 WL 1044600 at *2 (N.D. Tex. Nov. 17, 1999).

burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[3] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993). However, conclusory statements, hearsay, and testimony based on conjecture or subjective belief are not competent summary judgment evidence. *Topalian*, 954 F.2d at 1131.

A.

Prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997). However, the right of access is not unlimited. "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson*, 110 F.3d at 310-11, *quoting Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury." *Lueck v. Wathen*, 262 F.Supp.2d 690, 694 (N.D. Tex. 2003) (Kaplan, J.). This, in turn, requires proof that the denial of access "hindered

---

[3] Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

FED. R. CIV. P. 56(e).

his efforts to pursue a legal claim." *Id.*, quoting *Lewis*, 116 S.Ct. at 2180. *See also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Defendant argues there is no "actual injury" because the records at issue did not hinder plaintiff's ability to pursue a nonfrivolous legal claim. Apparently, plaintiff wants copies of the oath of office taken by Judge Gary Stephens, the judge who presided over his criminal trial, so he can challenge his conviction under section 26.016 of the Texas Government Code.[4] However, this statute applies only to visiting judges. At the time of plaintiff's trial in 1992, Judge Stephens was the duly elected judge of Dallas County Criminal District Court #3. He was assigned to preside over certain trials and hearings in the 292nd Judicial District Court, including plaintiff's case, during part of the July 1992 term. (*See* Def. MSJ App. at 050; Plf. MSJ App. at 033). Moreover, even if the statute cited by plaintiff was applicable to his criminal case, procedural irregularities in the referral of a matter to a visiting judge do not render a judgment void. *See Davis v. State*, 956 S.W.2d 555, 560 (Tex. Crim. App. 1997); *Fichtner v. State*, 2001 WL 328178 at *4-5 (Tex. App.--Dallas, Apr. 5, 2001). Nor is it a basis for federal habeas relief. *See Ramos v. Dretke*, 2005 WL 39144 at *3 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 233952 (N.D. Tex. Jan. 31, 2005) (claim based on alleged failure of trial judge to take oath of office required by Texas constitution and state law not

---

[4] This statute provides:

> When a visiting judge is appointed, the clerk shall enter in the minutes as part of the proceedings in the cause a record that gives the visiting judge's name and shows that:
>
> (1)   the judge of the court was disqualified, absent, or disabled to try the cause;
>
> (2)   the visiting judge was appointed; and
>
> (3)   in addition to any oath previously taken, the oath of office prescribed by law for the visiting judge, including a person who is a retired, former, or active judge, was duly administered to the visiting judge.

TEX. GOV'T CODE ANN. § 26.016 (Vernon 2004).

cognizable under 28 U.S.C. § 2254).  In his summary judgment response, plaintiff alleges only that he has suffered "an actual injury that is re-occurring daily." (Plf. MSJ Resp. Br. at 4).  This conclusory assertion, unsupported by any evidence, does not create a genuine issue of material fact for trial.

B.

Alternatively, defendant seeks summary judgment on the grounds of qualified immunity.  Court officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority unless their conduct violates a "clearly established . . . constitutional right [ ] of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).  Because plaintiff has not proved an underlying constitutional violation, this terminates the qualified immunity analysis.  *See Stuart v. Villareal*, 2003 WL 22329019 at *4 (N.D. Tex. Oct. 7, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 22658203 (N.D. Tex. Nov. 7, 2003) (Fitzwater, J.) (declining to address issue of qualified immunity where plaintiff failed to allege underlying constitutional violation).

## CONCLUSION

Defendant's motion for summary judgment is granted.  The court will dismiss this case with prejudice by separate judgment issued today.

SO ORDERED.

DATED: August 24, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE